

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                            Logon

**13SL-AC29467 - ALISHA GLACKIN V FINANCIAL RECOVERY SERVICES (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ⦿ Descending ◯ Ascending        Display Options: All Entries

| | |
|---|---|
| 09/19/2013 | **Summons Issued-Associate** |
| | Document ID: 13-ADSM-25216, for FINANCIAL RECOVERY SERVICES INC. |
| | **Summ Req-Assc Pers Serv** |
| | Request for Appointment of Special Process Server Filed. |
| | **Hearing Scheduled** |
| | **Scheduled For:** 10/31/2013; 9:00 AM ; JUDY PREDDY DRAPER; St Louis County |
| 09/04/2013 | **Confid Filing Info Sheet Filed** |
| | **Pet Filed in Associate Ct** |
| | **Judge Assigned** |
| | DIV 41H |

Case.net Version 5.13.2.3                Return to Top of Page                Released 08/12/2013

https://www.courts.mo.gov/casenet/cases/searchDockets.do

# EXHIBIT A

10/17/2013



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 13SL-AC29467 |
|---|---|
| Plaintiff/Petitioner:<br>ALISHA GLACKIN | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108<br>(314) 932-1068 |
| vs. | |
| Defendant/Respondent:<br>FINANCIAL RECOVERY SERVICES INC | Date, Time and Location of Court Appearance:<br>31-OCT-2013, 09:00 AM<br>DIVISION 41H<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>AC Other Tort | |

SEP 2 3 ENT'D

(Date File Stamp)

## Associate Division Summons

The State of Missouri to:  FINANCIAL RECOVERY SERVICES INC
                          Alias:
                          CT CORPORATION SYSTEM
                          120 SOUTH CENTRAL AVENUE
                          CLAYTON, MO 63105

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____09192013_____
Date

_____
Clerk

Further Information:   EJ

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).
         My commission expires: _____
                                Date                              Notary Public

**Sheriff's Fees, if applicable**

| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| ALISHA GLACKIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| FINANCIAL RECOVERY SERVICES, INC. | ) |
| | ) |
| Serve At: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## PETITION

COMES NOW, Plaintiff, Alisha Glackin, and for her Petition states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Louis County, Missouri.

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

1

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions, specifically, a personal credit card.

6. Defendant is a foreign corporation with its principal place of business in Minneapolis, Minnesota.

7. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

9. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

10. Defendant's collection activity consisted of telephone calls and live telephone conversations with Plaintiff.

11. Plaintiff returned one such call from Defendant on August 2, 2013.

12. As of the August 2, 2013 call, Defendant had never sent Plaintiff any written communication regarding her alleged debt.

13. Defendant had attempted to send an initial letter to Plaintiff that was dated July 8, 2013 but acknowledged during the call that it did not have Plaintiff's correct address.

14. Even if Plaintiff did receive the initial letter, the August 2 phone call was still well within Plaintiff's dispute period as per 15 U.S.C. § 1692g.

15. During the call, Plaintiff told Defendant that she had never received any collection letters from Defendant regarding the alleged debt.

2

16. Despite knowing that Plaintiff had never received any written communication from Defendant, Defendant made numerous payment demands during the call.

17. For example, Defendant stated that the balance on the account was due.

18. Additionally, Defendant stated that the balance should be paid within the month of August.

19. Finally, Defendant stated that Plaintiff could "get this thing out of [her] life today" by settling the balance during the call for a discounted amount.

20. At no time during the call did Defendant inform Plaintiff of her dispute and verification rights under 15 U.S.C. § 1692g.

21. Defendant attempted to collect Plaintiff's alleged debt numerous times during the August 2 call, all without ever sending Plaintiff any written communications.

22. Because Defendant never sent Plaintiff a letter regarding the alleged debt, Defendant never made the disclosures that 15 U.S.C. § 1692g(a) requires debt collectors to make in writing within five days of the initial collection communication.

23. Because Defendant never sent Plaintiff a letter making the required Section 1692g(a) disclosures, the thirty-day limit on Plaintiff's dispute period described in Section 1692g never began to run. Thus, Plaintiff's dispute and verification rights existed at all times relevant to this Petition.

24. Defendant's demands for immediate payment in the August 2 call overshadowed Plaintiff's dispute and verification rights under Section 1692g because they were demands for payment within Plaintiff's dispute period and were not accompanied by any notice whatsoever to Plaintiff of her dispute and verification rights.

3

25. Defendant's conduct caused Plaintiff to believe that she could not exercise those rights or that such an exercise would not be honored, and that she had to pay the debt within her dispute period.

26. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

27. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry.

## COUNT I: VIOLATION OF THE FDCPA

28. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

29. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a. Overshadowing Plaintiff's dispute, validation, and verification rights, 15 U.S.C. § 1692g;

   b. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E. For such other relief as the Court may deem just and proper.

4

**VOYTAS & COMPANY**

/s/ Nathan K. Bader
_____
**RICHARD A. VOYTAS, #52046**
**NATHAN K. BADER, #64707**
**Voytas & Company**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**Fax:   (314) 667-3161**

5